UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROTTEN RECORDS, INC,

        Plaintiff,

        v.

JOHN DOE subscriber assigned IP address 69.207.50.123,

        Defendant.
_____

**DECISION AND ORDER**

1:15-CV-0446 EAW

## INTRODUCTION

Plaintiff Rotten Records, Inc. ("Plaintiff") commenced this action on May 20, 2015, alleging that Defendant copied and distributed the constituent elements of Plaintiff's copyrighted work in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq.* (Dkt. 1). Presently before the Court is Plaintiff's May 28, 2015, *ex parte* motion for leave to serve a third party subpoena prior to a Rule 26(f) conference. (Dkt. 4). Specifically, Plaintiff seeks to serve a subpoena pursuant to Fed. R. Civ. P. 45 on Defendant's internet service provider, Time Warner Cable ("TWC"), so that Plaintiff may learn the name and address of Defendant in order to serve Defendant with Plaintiff's complaint. (Dkt. 4-1 at 1-2). For the following reasons, Plaintiff's motion is granted.

## DISCUSSION

Fed. R. Civ. P. 26(d)(1) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)...." Fed. R. Civ. P. 26(d)(1). However, discovery will be permitted in advance of a Rule 26(f) conference when it is "authorized . . . by court order." *Id.* "This is generally viewed as requiring a showing of good cause." *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 87 (E.D.N.Y. 2012).

Factors to consider in determining whether there is good cause for the disclosure of a defendant's information through an internet service provider include: "(1) a concrete showing of a prima facie claim; (2) a specific discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim; and (5) a minimal expectation of privacy by the defendant in the requested information." *Catlin v. Global*, No. 14-CV-6324L, 2014 WL 3955220, at *2 (W.D.N.Y. Aug. 13, 2014).

### *Showing of a Prima Facie Claim*

Here, accepting the allegations in Plaintiff's complaint as true for the purposes of this motion, Plaintiff has made a concrete showing of a *prima facie* claim of copyright infringement. "A prima facie claim of copyright infringement consists of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004).

Plaintiff has alleged ownership of the copyright to the album "Acid Bath – When The Kite String Pops." (Dkt. 1 at ¶¶ 10, 20). Plaintiff contracted Rightscorp, Inc., a company that discovers copyright infringements on peer-to-peer networks. (Dkt. 4-2 at ¶¶ 3, 5, 11, 14, 15, 20-21). Rightscorp determined that the IP address 69.207.50.123 used a peer-to-peer network called "BitTorrent" to transmit a copy of Plaintiff's album to one of Rightscorp's investigative computers. (*Id.* at ¶¶ 18-21). Plaintiff alleges that "there are multiple infringing transactions from Defendant's IP address," but notes that the most recent infringing transaction recorded by Rightscorp is the sharing of the Acid Bath album. (Dkt. 1 at ¶ 26). Rightscorp verified that the digital media file transmitted by Defendant contains a copy of the original work that is "identical" to Plaintiff's copyrighted work. (Dkt. 4-2 at ¶ 21).

### *Specific Discovery Request*

Plaintiff has also met the specificity requirement, insofar as Plaintiff seeks the name and address of the individual assigned IP address 69.207.50.123 for the limited purpose of enabling Plaintiff to serve process on Defendant. (Dkt. 4-1 at 5-6).

### *Absence of Alternative Means and Need for Subpoenaed Information*

"Absent a Court-ordered subpoena, many of the ISPs, who qualify as 'cable operators' for purposes of 47 U.S.C. § 522(5), are effectively prohibited by 47 U.S.C. § 551(c) from disclosing the identities of [the defendant] to Plaintiff." *Digital Sin, Inc. v. Does 1-179*, No. 11 Civ. 8172(PAE), 2012 WL 8282825, at *3 (S.D.N.Y. Feb. 1, 2012). "Thus, without granting Plaintiff's request, [Defendant] cannot be identified or served and the litigation cannot proceed. Additionally, expedited discovery is necessary to

prevent the requested data from being lost forever as part of routine deletions by the ISPs." *Id.* (finding good cause to issue a Rule 45 subpoena on this basis). Accordingly, Plaintiff has satisfied the third and fourth factors of the analysis.

### *Expectation of Privacy*

Finally, Plaintiff's interest in learning Defendant's name and address outweighs Defendant's privacy interest. *See Arista Records LLC v. Doe*, 604 F.3d 110, 124 (2d Cir. 2010) ("[W]e regard Doe 3's expectation of privacy for sharing copyrighted music through an online file-sharing network as simply insufficient to permit him to avoid having to defend against a claim of copyright infringement.").

In sum, good cause exists for immediate discovery in this case by way of a third-party subpoena on TWC to enable Plaintiff to ascertain the name and address of Defendant or effectuate service upon Defendant.

### **CONCLUSION**

It is hereby ordered that:

1. Plaintiff may serve TWC with a Rule 45 subpoena commanding TWC to provide Plaintiff with the true name and address of the Defendant assigned IP address 69.207.50.123.

2. Upon receipt from TWC of the name and address, Plaintiff may serve a Rule 45 subpoena in the same manner on any relevant internet service providers identified by TWC in response to a subpoena as a provider of Internet services to Defendant.

3.  Counsel for Plaintiff shall provide a copy of this Order to each subpoena recipient.

4.  If TWC or an internet service provider qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5):

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to Defendant.

5.  Any information disclosed to Plaintiff in response to the subpoena may be used by Plaintiff solely for purposes of protecting and enforcing Plaintiff's rights as set forth in Plaintiff's complaint.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: June 4, 2015
       Rochester, New York